IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALBERT CORALLUZZO,                          :
Individually and As Administrator of        :
The Estate of Maria Coralluzzo, Deceased    :
                                            :           CIVIL ACTION
         v.                                 :
                                            :           NO. 13-6882
DARDEN RESTAURANTS, INC. D/B/A              :
LONGHORN STEAKHOUSE, ET AL.                 :

**MEMORANDUM**

**SURRICK, J.**                                    **AUGUST  6 , 2015**

Presently before the Court is Plaintiff Albert Coralluzzo's Motion to Remand.  (ECF No.

4.)  For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

This is an action for personal injury that was initiated in the Court of Common Pleas of

Philadelphia County, Pennsylvania.  After an amended pleading was filed, one of the named

Defendants sought to remove the matter to this Court on the basis of diversity jurisdiction under

28 U.S.C. § 1332.  Plaintiff moves to remand this matter back to the state court.

**A.      Factual Background**

On August 10, 2011, Maria Coralluzzo, Plaintiff's Decedent, age 84, was injured while

traveling along a sidewalk using her walker at the Longhorn Steakhouse located in Warrington,

Pennsylvania.  (Am. Compl. ¶ 12, Notice of Removal Ex. A, ECF No. 1.)  The walker allegedly

became stuck in a defective condition of the sidewalk, causing her to fall off of the sidewalk and

into the adjacent parking lot.  (*Id.*)  This caused Plaintiff's Decedent to strike her head on a

parked car and strike the ground, resulting in serious injuries.  (*Id.*)  Plaintiff's Decedent was

taken to Abington Memorial Hospital where doctors diagnosed her with a fractured left hip.  (*Id.* at ¶ 15.)  Plaintiff's Decedent subsequently underwent surgery for her fractured hip.  (*Id.*)

On September 22, 2011, Plaintiff's Decedent was discharged to the Immaculate Mary Home for physical therapy.  (*Id.* at ¶ 17.)  On October 7, 2011, she was permitted to go home where she was provided home health care.  (*Id.*)  Ultimately on October 23, 2011, Plaintiff's Decedent suffered a cardiac arrest and died as a result.  (*Id.* at ¶ 18.)  Plaintiff alleges Plaintiff's Decedent's inability to recover from injuries sustained at Defendants' restaurant caused her death.  (*Id.*)

### B.   Procedural Background

On July 25, 2013, Plaintiff began this litigation by filing a Complaint in the Court of Common Pleas of Philadelphia County.[1]  He later sought leave to amend the Complaint to correct the names of the Defendants.  On November 29, 2013, the state court granted Plaintiff leave to amend his Complaint, and on November 21, 2013, Plaintiff filed the Amended Complaint.  He named the following entities as Defendants:  Darden Restaurants, Inc. ("Darden"), Rare Hospitality International, Inc. ("Rare International"), and Rare Hospitality Management, Inc. ("Rare Management"), (collectively "Defendants").  (Am. Compl.)

On November 26, 2013, Rare International removed the case to this Court.  (Notice of Removal.)  The Notice of Removal indicates that "Rare Hospitality International, Inc. (i/d/a Darden Restaurants, Inc. d/b/a Longhorn Steakhouse, Darden Corporation d/b/a Longhorn Steakhouse, Rare Hospitality International, Inc. d/b/a Longhorn Steakhouse, Rare Hospitality Management, Inc. d/b/a Longhorn Steakhouse)" is the "removing party."  (*Id.* at 1.)  That same

---

[1] Plaintiff alleges that the incident occurred in Bucks County, Pennsylvania.  (Am. Compl. ¶ 6.)  Nevertheless, he asserted jurisdiction in Philadelphia County.

"removing party" filed an Answer to Plaintiff's Amended Complaint on December 5, 2013.[2] (ECF No. 3.)  Over 30 days after filing his Amended Complaint, Plaintiff filed the instant Motion to Remand.  (ECF No. 4.)  Rare International timely filed a Response in opposition (ECF No. 6), to which Plaintiff filed a Reply (ECF No. 8).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441(a), any civil action brought in a state court where a district court has original jurisdiction may be removed by a defendant to a federal district court.  28 U.S.C. § 1441(a).  To remove a lawsuit filed in a state court to a federal district court, a defendant must file a notice of removal within 30 days of the date a plaintiff serves the defendant with a copy of the original pleading or complaint.  28 U.S.C. § 1446(b)(1).  However, if the case stated in the initial pleading is not removable,

> a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The amount in controversy does not need to be stated in the initial pleading to trigger the running of the 30-day period for removal under 28 U.S.C. § 1446(b).  "Rather, the 30-day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum."  *Johnson v. Tesla Motors, Inc.*, No. 13-5106, 2013 WL 5834442, at *2 (E.D. Pa. Oct. 30, 2013)

---

[2] While the Answer indicates that it was filed on behalf of the "removing party," the docket reflects that the Answer was filed on behalf of Darden Restaurants, Inc., Rare Hospitality International, Inc., and Rare Hospitality Management, Inc.

(citing *Judge v. Phila. Premium Outlets,* No. 10-1553, 2010 WL 2376122, at *2 (E.D. Pa. June 8, 2010)).  The removal statute further states that when the case is not removable based on the initial pleading because the amount in controversy does not exceed the jurisdictional minimum, information relating to that amount in the record of the state proceeding or in discovery responses shall be treated as "other paper."  28 U.S.C. § 1446(c)(3)(A).

A case removed to federal court may be remanded to state court if at any time before the final judgment, it appears that the district court lacks subject matter jurisdiction or a defect is found in the removal process.  *See Tellado v. Roto-Die, Inc.*, No. 04-3382, 2005 WL 724094, at *1 (E.D. Pa. Mar. 29, 2005); *see also Judge*, 2010 WL 2376122, at *2 (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)); *Sigmapharm, Inc. v. Mut. Pharm. Co.*, No. 12-2522, 2013 WL 3717165, at *1 (E.D. Pa. July 16, 2013).  The defendant, as the moving party, has the burden to show that federal jurisdiction exists.  *See Tellado*, 2005 WL 724094, at *1 (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).  "Removal is a statutory right, and the procedures to effect removal must be followed."  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).  Courts strictly construe the removal statute, 28 U.S.C. § 1441, and any doubts about the propriety of removal are "'resolved in favor of remand.'"  *Cross v. Youth Advocate Programs, Inc.*, No. 06-3729, 2006 WL 3386704, at *1 (E.D. Pa. Nov. 20, 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

## III.   DISCUSSION

Plaintiff moves to have this matter remanded to state court.  He argues that Defendants fail to carry their heavy burden of establishing a basis for diversity jurisdiction.  In addition, Plaintiff proffers numerous arguments that the Notice of Removal is procedurally defective.  He

also seeks an award of the fees and costs incurred in litigating this matter in this Court, contending that the removal was done in bad faith.

A.     **The Notice of Removal Establishing Complete Diversity**

Plaintiff argues that the Notice of Removal fails to establish citizenship for Darden and Rare Management, and thus complete diversity of citizenship is lacking.  Defendant responds that there is complete diversity because Rare International is the only proper Defendant in this matter and it is incorporated in Georgia with a principal place of business in Florida.

We begin with the maxim that a party seeking removal bears a heavy burden of persuasion in establishing jurisdiction in federal court.  *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).  Jurisdiction under § 1332 requires complete diversity of citizenship.  Complete diversity of citizenship requires that "no plaintiff be a citizen of the same state as any defendant."  *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009).  Unlike an individual however, a corporation may have more than one state of citizenship.  28 U.S.C. § 1332(c)(1).  Corporations are deemed citizens of both the state in which they are incorporated as well as the state where they have their principal place of business.  *Id.* A principal place of business, or nerve center, is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation may only have one principal place of business.  *Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012).  "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."  *Hertz*, 559 U.S. at 93.  The Court in *Hertz* recognized that the principal place of business "is a place within a State.  It is not the State itself."  *Id*.

Plaintiff has named three entities as Defendants:  Darden, Rare Management, and Rare International.  The Notice of Removal represents that Rare International is a "corporation organized under the laws of the State of Georgia . . . having its principal place of business in Orlando, Florida."  (Notice of Removal ¶ 3.)  Plaintiff does not dispute that Rare International is a citizen of the State of Georgia.  And there is no dispute that Plaintiff is a citizen of the Commonwealth of Pennsylvania.  Accordingly, Plaintiff and Rare International are diverse parties for purposes of jurisdiction under § 1332.

However, diversity jurisdiction requires complete diversity as to all parties.  Darden and Rare Management are separate entities named as Defendants.  The Notice of Removal does not speak to the citizenship of either entity.  Neither does the Plaintiff's Complaint, attached to the Notice of Removal.  *See Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280, 282 n.1 (3d Cir. 1980) (noting that the court may look at the removal petition and the complaint to resolve the question of jurisdiction).  In fact, Plaintiff's Complaint does not speak to the citizenship of either Darden or Rare Management.  It instead pleads only that Darden and Rare Management are "*foreign* for profit business entit[ies] duly authorized and transacting business under the laws of the Commonwealth of Pennsylvania with places of business within" Philadelphia, Pennsylvania.[3]  (Am. Compl. ¶¶ 3, 5 (emphasis added).)  Such allegations are insufficient to establish diversity jurisdiction.  *See*, *e.g.*, *Jenkins v. Farmers New Century Ins. Co.*, No. 08-1398, 2008 WL 2997152, at *1 (M.D. Pa. July 31, 2008).

---

[3] Plaintiff's use of the descriptor "*foreign* for profit business entity" to describe Darden and Rare Management appears to signify Plaintiff's recognition that neither Darden nor Rare Management are citizens of the Commonwealth of Pennsylvania.  *See* BLACK'S LAW DICTIONARY 719-20 (10th ed. 2014) (defining "foreign" as "Of, relating to, or involving another jurisdiction").  Nevertheless, such an allegation, without indicating which state the business entity is a citizen of, is insufficient to establish diversity jurisdiction.

Instead of establishing the citizenship of Darden and Rare Management, Defendants argue that these entities are improper parties to this litigation.  They argue that Rare International, as owner and operator of the specific restaurant in question, is the sole proper Defendant.  Further, they argue that the use of the acronym "i/d/a" in the Notice of Removal signified to Plaintiff and to this Court that Rare International was incorrectly designated in the Amended Complaint as "Darden Restaurants, Inc. d/b/a Longhorn Steakhouse, Darden Corporation d/b/a Longhorn Steakhouse, Rare Hospitality International, Inc. d/b/a Longhorn Steakhouse, Rare Hospitality Management, Inc. d/b/a Longhorn Steakhouse."

While plaintiffs justifiably do not have complete dominion over the entire course of litigation, it is ordinarily "the plaintiff who decides whom to sue."  *Budman v. Sands Hotel & Casino*, No. 88-4503, 1988 WL 71338, at *1 (E.D. Pa. July 6, 1988).  A defendant "does not ordinarily achieve amendment of the caption of a case simply by writing a new caption on the answer."  *Id.* (recognizing an inappropriate designation where the defendant signaled an improper party with the "incorrectly designated as" notation).  Defendants who believe they are improper, or fraudulently joined, parties to the suit must sufficiently support their contention in order to properly excuse their failure to participate in the action.  *See Katz v. Grayling Corp.*, No. 07-4891, 2007 WL 4530997, at *2 (E.D. Pa. Dec. 20, 2007) (recognizing that failure to sufficiently support an alleged exception that would excuse a defendant's failure to participate in an action cannot excuse such failure).

Rare International attempts to excuse Darden and Rare Management's failure to participate in the action by claiming that the parties were incorrectly designated.  However, Rare International does not offer factual support for its contention, nor does it substantiate its assertion with relevant authority.  Furthermore, Plaintiff has expressed no intention to voluntarily dismiss

Darden and Rare Management from this lawsuit.  *See Macaluso v. Mondadori Pub. Co.*, 527 F. Supp. 1017, 1019 (E.D.N.Y. 1981) ("The plaintiff has the right to select the forum and to prosecute his own suit his own way to a final determination.") (internal quotation marks omitted).  Consequently, the bald assertion that Darden and Rare Management are improper Defendants is insufficient to establish diversity jurisdiction.

Notwithstanding this bald assertion, there is nothing within the Notice of Removal suggesting that Darden or Rare Management joined in the removal.  In instances where there are multiple defendants, the rule of unanimity requires that "all [defendants] must join in the removal petition."  28 U.S.C. § 1446(a); *Lewis*, 757 F.2d at 68; *Katz*, 2007 WL 4530997, at *2 (noting "[i]t is well established that removal generally requires unanimity among defendants").  Defendants may also consent to the removal by voicing such consent to the Court.  *Ogletree v. Barnes*, 851 F. Supp. 184, 189 (E.D. Pa. 1994) (citing *Martin Oil Co. v. Phila. Life Ins. Co.*, 827 F. Supp. 1236 (N.D.W. Va. 1993)).

The rule of unanimity applies even if the defendants are related corporate entities, such as parent and subsidiary.  *See Lampkin v. Media General, Inc.*, 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004) (noting that "a parent corporation cannot consent to removal on behalf of its subsidiary; a subsidiary is still a separate defendant, and unanimity of defendants is required for removal").  As another court within this district has recognized,

> All corporations and other business entities which might be very closely related in substance if not in form, are, of course, perfectly free to maintain and rely upon their distinctiveness as legal entities and to insist that all formal procedures be followed to the letter before submitting to the jurisdiction of any court in the United States. Those business entities should likewise expect, however, that they, too, will be held to strict and exacting compliance with procedural rules.

*Van Conia v. Lutz*, No. 91-2348, 1992 WL 111318, at *5 (E.D. Pa. May 18, 1992).  In addition, the unanimity rule applies even if the same attorney represents two or more defendants in the

suit. *McGuigan v. Darden*, No. 11-6563, 2012 WL 832168, at *3 (E.D. Pa. Mar. 13, 2012) (noting that even if same counsel represents multiple defendants, each defendant must join in or consent to the removal). Failure to join in or consent to the removal is a fundamental, rather than technical, defect. *See Morganti v. Armstrong Blum Mfg. Co.*, No. 00-6343, 2001 WL 283135, at *3 (E.D. Pa. Mar. 19, 2001) (holding that the defendant's failure to join in the removal is a fundamental defect that cannot be cured after the 30-day period has expired).

While defendants must generally join in or consent to removal, there are exceptions available for defendants to assert. *See Katz*, 2007 WL 4530997, at *2. Such exceptions include "where a non-joining defendant is an unknown or nominal party; where a defendant has been fraudulently joined; and where a non-resident defendant has not been served at the time the removing defendants file their petition." *Id.* (citing *Lewis*, 757 F.2d at 68 & *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)). Fraudulent joinder occurs when "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Id.* (quoting *Boyer*, 913 F.2d at 111).

A defendant claiming fraudulent joinder must sufficiently allege and establish this exception to excuse a failure to join in or consent to removal. *See Katz*, 2007 WL 4530997, at *3 (holding that the defendant's failure to sufficiently establish that it meets an exception to the rule of unanimity beyond making unsupported assertions is insufficient to excuse failure to join in or

consent to removal).  "[T]he removing party carries a heavy burden of persuasion in establishing

fraudulent joinder."  *Gaynor v. Marriott Hotel Servs., Inc.*, No. 13-3607, 2013 WL 4079652, at

*2 (E.D. Pa. Aug. 13, 2013) (quotation and citations omitted).

As noted, there is nothing in the Notice of Removal suggesting that Darden and Rare

Management joined in the removal.  Instead, it is contended, solely through the use of the "i/d/a"

acronym in the Notice of Removal, that these entities are not proper Defendants in this litigation.

To the extent that use of the "i/d/a" acronym may even be considered an argument that Darden

and Rare Management were fraudulently joined as Defendants, such an argument does not

establish fraudulent joinder.  And it does not establish any permissible exception to the statutory

requirement that Darden and Rare Management were required to join in the removal.

Plaintiff named Darden and Rare Management as individual Defendants.  Defendants

themselves do not dispute that Darden and Rare Management are legitimate, individual business

entities.  A defendant does not change the caption of a case solely by noting that a party was

"incorrectly designated as."  Moreover, a defendant does not achieve dismissal of a named party

through use of the "i/d/a" acronym.  Defendants here could have established that Darden and

Rare Management join in the removal and are citizens of diverse states in the Notice of Removal.

Or, assuming Defendants' representations are correct, they could have sought the dismissal of

the improperly named parties contemporaneously with the filing of the Notice of Removal.

Consider:

> When a defendant is improperly named in a civil action filed in . . . state court and
> the case is removable and the defendant desires to remove, the proper course of
> action to effect the removal and to correct the improper name is to timely file the
> Notice of Removal and a 12(b)(4) or 12(b)(5) motion . . . in the federal district
> court to which his case is being removed.  A defendant [who fails to do so] does
> so at its peril.

*Brizendine v. Continental Cas. Co.*, 773 F. Supp. 313, 320 n.9 (N.D. Ala. 1991).

This matter is further complicated by the fact that, based upon the parties' filings with respect to Plaintiff's Motion to remand, it appears that there may be complete diversity. Plaintiff does not challenge Defendants' representations that Darden and Rare Management are not citizens of the Commonwealth of Pennsylvania. He goes so far as to allege that these entities are "foreign." Indeed, Plaintiff supports his Motion by attaching an exhibit tending to show that Darden and Rare Management are citizens of the States of Delaware and Florida, respectively. (Pl.'s Mot. Ex. "F.") While all of this information would have been useful in supporting the Notice of Removal, it was not provided until more than 30 days had passed since the filing of the Amended Complaint. It should have been added to the Notice of Removal while Defendants were free to amend it—within the 30-day period in which an action may be removed. *Egger v. Marriott Int'l, Inc.*, No. 10-6274, 2011 WL 6133280, at *3 (E.D. Pa. Dec. 8, 2011). This Court may not now reconstruct an otherwise deficient Notice of Removal.[4]

Since Defendants failed to establish the complete diversity of the parties within the Notice of Removal, we lack jurisdiction to hear this case. Therefore, Plaintiff's request to remand this matter to the Court of Common Pleas of Philadelphia County, Pennsylvania must be granted.[5]

---

[4] As we previously observed: "In certain limited circumstances, courts will permit defendants to amend a notice of removal after the thirty-day period. Defendants have not, however, requested permission to amend the Notice of Removal. Even if they had sought to amend, the request would have been denied because completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished to the removal notice." *Egger*, 2011 WL 6133280, at *3 n.5 (internal quotation marks and citations omitted).

[5] While we resolve Plaintiff's Motion on the basis that Defendants' Notice of Removal fails to properly establish diversity jurisdiction, we do note that additional arguments are proffered by Plaintiff, none of which have merit. Plaintiff contends that Defendants failed to comply with Local Rule of Civil Procedure 5.1(a) because no entry of appearance was ever filed by Counsel. The filing of a "pleading" constitutes an entry of appearance under Local Rule 5.1(a), and "pleading" is construed to include a notice of removal. *See Jones v. City of Buffalo*,

### B.     Plaintiff's Motion for Fees and Costs

Plaintiff argues that the Court should award fees and costs because "there was no objectively reasonable basis for RARE International to rely on to seek removal."  (Pl.'s Mem. of Law at 25 (citing *Snider v. Sterling Airways, Inc.*, No. 3054, 2013 WL 159813, at *7 (E.D. Pa. Jan. 15, 2013)).).  Under 28 U.S.C. § 1447(c), the district courts have authority to award plaintiff attorney's fees and costs incurred as a result of removal.  28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  Whether to award such fees and costs is in the discretion of the Court.  *See Landman v. Borough of Bristol*, 896 F. Supp. 406, 409-10 (E.D. Pa. 1995); *Campbell v. Oxford Elecs., Inc.*, No. 07-541, 2007 WL 2011484, at *11 (E.D. Pa. July 5, 2007).  "Awarding attorney's fees and costs is usually limited to situations where nonremovability is obvious or where a defendant did not act in good faith."  *Campbell*, 2007 WL 2011484, at *11 (citing *Scheidell v. State Farm Fire & Cas. Co.*, No. 91-2695, 1991 WL 87042, at *3 (E.D. Pa. May 14, 1991)).  Specifically, courts have awarded attorney's fees and costs in situations where defendants blatantly ignored legal standards to yield a favorable outcome and made arguments directly contrary to Third Circuit rulings.  *See Danner v. Tower Acquisition, LLC*, No. 06-2270, 2007 WL 1521201, at *1 (M.D. Pa. May 22, 2007).

---

867 F. Supp. 1155, 1167 (W.D.N.Y. 1994); BLACK'S LAW DICTIONARY 1166 (10th ed. 2014) (defining "notice of removal" as "[t]he *pleading* by which a defendant removes a case from state to federal court.") (emphasis added).  Plaintiff further argues that Defendants failed to comply with § 1446(a), by failing to attach a state court order to the notice of removal.  The Amended Complaint gave rise to removal, and a copy of that Amended Complaint was attached to the Notice of Removal.  Nevertheless, to the extent that a state court order should have been attached, such a failure is not fatal and may be cured.  *See Thomason Auto Grp., LLC v. China America Co-op. Automotive, Inc.*, No. 08-3365, 2009 WL 512195, at *3 n.5 (D.N.J. Feb. 27, 2009).

While it is unclear why Defendants would choose to simply use the acronym "i/d/a" in this situation, it does not appear that non-removability was "obvious" or that Defendant acted in bad faith.  Therefore we reject Plaintiff's argument that Rare International lacked an objectively reasonable basis to seek removal.  Accordingly, there will be no award of fees and costs.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff Albert Coralluzzo's Motion to Remand will be granted, and the case will be remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania.

An appropriate Order follows.

                                                            **BY THE COURT:**


                                                            _____
                                                            **R. BARCLAY SURRICK, J.**